# Bausch v. Fidler, Appellant.

*Workmen's compensation—Permanent-injury—Loss of arm and leg—Injury to wrist—Concurrent payment—Earning power—Act of June 2, 1915, section 306, P. L. 736.*

1. Where a workman as a result of an injury suffers from a permanently paralyzed left arm and a permanently stiff right leg, with no hope of recovery in either, he is entitled to an order for their loss in combined weeks as provided by section 306 (c) of the Act of June 2, 1915, P. L. 736.

2. Where the temporary injury to such members lapses into a permanent one, causing total loss of the members, the final award comprehends all compensation as a direct result of the injury, including the time under treatment, and if payments have been made under a compensation agreement, such payments will be deducted from the aggregate amount of the final award.

3. If it appears that the claimant suffered also from a stiff wrist of the right arm, which at the time of the hearing he could use to some extent, it is error, in fixing compensation for this injury, to ignore the results of his two major injuries, and treat the case as if, while claimant was undergoing treatment, the loss was due entirely to the fractured wrist.

4. Where there was nothing to show that claimant's total temporary disability while under treatment resulted from any other cause than the two major injuries, the compensation allowed him under 306 (c) was all the law permitted him to receive from the time the initial settlement was made, to continue during the period stipulated in the award. The statute does not contemplate payments for separate compensable injuries to be made concurrently.

5. The pay for partial disability under 306 (b) expressly excludes conditions coming within the clauses mentioned in 306 (c), and the reduction in earning power due to incapacities in 306 (b) must be in addition to that coming from loss under 306 (c).

6. In order to determine the compensation claimant is entitled to receive on account of the partial disability due to the injured wrist after the compensation period for the two major injuries has expired, the board in the exercise of a sound discretion must find the unknown quantity, "earning power," in 306 (b). The consideration of this question may be postponed until the time approaches when it would ordinarily go into effect.

7. Earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the ele-

ments that make it up or detract from it as defined or considered by the compensation act.

8. Thus, it may be ascertained by considering the body in its normal condition impaired only by an injury to the wrist, or it may be represented by the difference between the earning power of a person with one leg and one arm off (total disability), and his earning power with a fractured wrist coupled with a leg and an arm off.

Argued February 20, 1923. Appeal, No. 246, Jan. T., 1923, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1922, No. 1236, affirming decision of Workmen's Compensation Board, in case of John Bausch v. Edwin F. Fidler. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board affirming award of referee. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Cornelius B. Comegys,* with him *Ralph W. Rymer,* for appellant.—The referee, the compensation board and the court below erred in awarding compensation in an amount and for a time in excess of the amount and time, respectively, fixed by the act of assembly, where said compensation is based on the specific loss of certain limbs and also on partial disability, although the injured employee has an actual earning capacity: Berskis v. Coal Co., 273 Pa. 243; Kerwin v. Express Co., 273 Pa. 134.

The referee, the compensation board and the court below erred in awarding compensation for the loss of a limb, when the employee could and did use that limb profitably in an occupation different from that in which

he was injured: Kerwin v. Exp. Co., 273 Pa. 134; Kuĉa
v. Coal Co., 268 Pa. 163; Strohl v. Ry., 270 Pa. 132.

*Henry Houck,* for appellee.—This court has held in a
number of recent decisions that the three clauses of sec-
tion 306, which we have been discussing, are separate
and distinct, and each clause governs the specific cases
to which it applies: Berskis v. Coal Co., 273 Pa. 243;
Lente v. Luci, 275 Pa. 217.

Even though the employee has some slight use of his
arm, if he cannot use the member in his occupation, he is
entitled to compensation for the loss of the use of it. In
other words, the loss of the use of a member means the
loss of the industrial use: Kerwin v. Exp. Co., 273 Pa.
134; Chovic v. Steel Co., 71 Pa. Superior Ct. 350; Pater
v. Steel Co., 263 Pa. 244; Lente v. Luci, 275 Pa. 217.

OPINION BY MR. JUSTICE KEPHART, May 23, 1923:
Claimant fell from the roof of a church which he was
painting. His left arm and right leg were broken, and
right wrist injured. The compensation agreement did
not specify under which class he was to be paid, and de-
fendant ceased paying 175 weeks after the accident. On
claimant's petition to amend the agreement so that its
terms might provide for definite losses, the board and
court below affirmed the referee in awarding compensa-
tion under section 306, paragraph (c), for 215 weeks for
the permanent loss of the left arm, 215 weeks for the
permanent loss of the leg, and, in addition, under para-
graph (b), for the partial loss of earning power due to
the fractured wrist of the other arm. This award, ex-
cept the latter part, cannot be very well disputed on the
facts.

At first, the extent of claimant's injuries was not
known. When it appeared he was to have a permanently
paralyzed arm, and a permanently stiff leg, with no hope
of their recovery or of alleviating that condition, he was
entitled to an order for their loss in combined weeks,

under paragraph (c). The act specifically permits compensation for the combined number of weeks (section 306, paragraph c) : "For the loss of any two or more of such members.....fifty per centum of wages during the aggregate of the period specified for each." This part of the award is in direct accord with Sharcheck v. Beaver Run Coal Co., 275 Pa. 225, 227: "When the injury happened it could be well regarded as one of...... total disability......with a possibility either of improving and entirely healing, or, as it did, of lapsing into a different condition, i. e. permanent, causing the loss of the use of a foot,......and while compensation was being made under section 306 (a). Claimant [when the extent of loss was determined] was then entitled to an award for the loss of the use of a foot......[page 228]. So, if the injury or wound becomes permanent, causing the loss of the use of a member named in 306 (c),...... for all disability to such member, resulting from such permanent injury, compensation shall be 'exclusively' as provided in 306 (c)......," and this just covered the 150 week period for which compensation was to be, and has been, paid.

As held in Lente v. Luci, 275 Pa. 217, under section 306 (c), the term "all disability" includes both total and partial disability, caused by the permanent injury to the members mentioned, or resulting from or related to the permanent injury. It embraces not only all incapacity to labor, directly or indirectly arising from such permanent injury, whether total- or partial, but, likewise, cases of no incapacity at all. The compensation includes payments while the claimant is undergoing treatment. Payment for the loss of such members, or treatment charges, cannot be made under section 306, paragraphs (a) and (b), either for partial or total disability. But section 306 (c) does not include defections to other parts of the physical structure, distinct from the permanently injured member, though directly caused thereby. Compensation may be made for an injury to, de-

struction or affection of, other organs or parts of the body, produced by the permanent injury, causing a disability separate, apart and distinct from that mentioned in paragraph (c). This may be under paragraph (a) or (b) : Lenti v. Luci, supra.

When the status of the two major injuries was definitely determined under the term "all disability," the compensation related back to the first payment; what had been previously paid, awaiting the ascertainment of claimant's final status, would be deducted from the award under paragraph (c), leaving due, in this case, payments for 255 weeks, at the rate fixed. Where injuries are under process of recovery, the resulting disability for compensation purposes may be partial, total or be compensable under 306 (c) ; where a temporary injury lapses into a permanent one, causing total loss of the member, the final award comprehends all compensation as a direct result of the injury, including the time under treatment: Lente v. Luci, supra.

The referee ordered, in addition, compensation for "permanent partial disability" to the right wrist. This he computed at 175 weeks for total disability under 306 (a)—he was not under treatment all this time—and 125 weeks for partial disability under 306 (b). The act makes no provision for such a determination under the facts as found in the court below. At the hearing claimant had complete use of the right arm to the wrist, and from it to the tips of the fingers,—there was a slight stiffness at the wrist. But, in fixing compensation for this, the results of his two major injuries—and the compensation claimant was receiving therefor—were entirely ignored, though the use of the arm and leg was absolutely gone; the referee treated the case as if, while undergoing treatment, and up to the time payment ceased, the loss was due entirely to the fractured wrist. To so hold places a value on it higher than the law sanctions for the amputation of the arm below the elbow.

There is nothing to show claimant's total temporary disability while under treatment resulted from any other cause than the two major injuries; the compensation allowed claimant for them under 306 (c) was all the law permitted him to receive from the time the initial settlement was made, to continue during the period stipulated in the award. The act does not contemplate payments for separate compensable injuries to be made concurrently.

We may assume claimant was entitled to some compensation for disability from an injured wrist. It must, under the express language of section 306, stand on its own foundation; claimant is not entitled to be paid for this partial loss under 306 (b), as that inability (to use his wrist) may be aided, influenced and affected by loss of the leg and left arm. A just determination for the loss of earning power due to the fractured wrist cannot be made without taking into consideration these elements of total disability paid for under 306 (c) during the period covered by such payments. Claimant may in the future be entitled to some compensation for this partial disability, but, when ascertained, it must be separate and distinct from the disability now being paid for in the permanent loss of the leg and arm. In fixing the number of weeks and per cent, the depleted earning power from the injury to the wrist must not include that which comes from other permanent losses. The time must be based on the probability of the partial disability continuing beyond the time now being compensated under 306 (c).

The pay for partial disability under 306 (b) expressly excludes conditions coming within "the cases mentioned in clause (c)," and the reduction of earning power due to incapacities mentioned in 306 (b) must be in addition to that coming from loss under 306 (c). Had claimant been entirely sound, except for the fractured wrist, he would have been entitled to receive exactly the compensation allowed for this partially disabled wrist, or

fifty per cent of the difference between the wages before injury ($17 per week) and those received after ($10). The latter was determined as earning power including all injuries; but, as we have stated, claimant is now being compensated for "all disability" for the loss of two members, and it was error to make such an award for disability from the injury to the wrist.

In order to determine the compensation claimant is entitled to receive on account of the partial disability due to the injured wrist, the board, in the exercise of a sound discretion, must find the unknown quantity, "earning power," in 306 (b). Earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the elements that make it up or detract from it as defined or considered by the compensation act; it may be ascertained by considering the body in its normal condition impaired only by the wrist injury, or it may be represented by the difference between the earning power of a person with one leg and one arm off (total disability), and his earning power with a fractured wrist coupled with a leg and an arm off; viewed in either aspect, the result is the same. Under the act, the employee is entitled to 50 per cent (since increased to 60 per cent) of the difference between his earning power thus impaired and what he received in wages before the accident. For illustration, take, as the base earning power before injury, $30 per week. With a wrist a little stiff the earning power would be $28, the reduction is slight, and the difference of $2 would be the base upon which the sixty per cent would operate, or $1.20 a week. This is the first illustration. As to the second, earning power $30 a week before injury. Earning power with the loss of an arm and a leg, $15 a week. Further loss from a fractured wrist would reduce the earning power to $13. The differences in either event would be $2 per week, and sixty per cent of this would be the same as the above.

We conclude claimant is entitled to the aggregate number of weeks for the loss of an arm and the loss of a leg, at the amount per week fixed by the board, to begin when the compensation agreement was entered into. From this must be deducted the sums already paid; and to this balance may be added compensation for partial disability, ascertained under 306 (b), at the expiration of the foregoing period, for the loss of the use of the wrist for such number of weeks and in such amount as it may then be found under this opinion this partial disability will continue beyond the period awarded under 306 (c). It will not be necessary for the board to take up the question of partial disability at this time. Its consideration may be postponed until the time approaches when it would ordinarily go into effect.

The judgment is reversed, and the record is remitted to the court below with directions to return it to the compensation board, so that they may proceed to adjudicate the case in accordance with the law as expressed in this opinion.