Liberatori, Appellant, *v.* Scott Smith Cadillac Company.

Argued October 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*David Freeman,* for appellant.

*John T. Phillips,* for appellees.

OPINION BY RENO, J., November 12, 1952:

The judgment of the court below affirmed the decisions of the workmen's compensation authorities suspending payments under a compensation agreement, and the claimant appealed.

The facts have been stipulated. Appellant was totally disabled by an injury on December 3, 1947. The total disability ceased on August 13, 1948, since when he has been 15% partially disabled. Appellant's average weekly earnings at the time of the injury were $73.04 per week. Since returning to work on August 13, 1948, because of increases of the wage scale, his average weekly earnings have been $79.56 a week. Before the injury his productive capacity was 65 to 70 flat-rate work hours per week, since then it has been

55 to 60 hours. But for his partial disability, his wages would average approximately $99.21 per week.

Appellant contends that, although he now receives more wages than he did before he was injured, the increase is due entirely to a raise of the *rate* of wages which, even so, are paid in inflated dollars, and that, as a result, he receives no compensation for his partial disability which has decreased his productive power.

The pertinent and controlling legislation is The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, §306(b), as amended, 77 P.S. §512, which in part provides: "For disability partial in character . . . sixty-six and two-thirds per centum of the difference between the wages of the injured employe, . . . and the earning power of the employe thereafter; . . . The term 'earning power,' as used in this section, shall in no case be less than the weekly amount which the employe receives after the accident . . . and in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in similar employment."

This provision was construed in *Scipani v. Pressed Steel Car Co.,* 150 Pa. Superior Ct. 410, 28 A. 2d 502, which holds that where there is a disability with resultant loss of earning power but the employe receives as much for his services as he earned before the injury, payments of compensation shall be suspended during periods when the disability is not reflected in loss of wages. After reviewing prior legislation and earlier decisions, Judge HIRT, speaking for this Court, declared (p. 415) : "The 1939 amendment refers to the actual amount of wages received *regardless of the rate of pay* and the lack of opportunity for employment", and (p. 414), "The amendment goes no further than to say that

no compensation is payable, regardless of loss of earning power . . . when an employe receives as much for his services as he earned before his injury." (Emphasis added.)

In a later case, *Kelemon v. Reiber,* 161 Pa. Superior Ct. 169, 173, 53 A. 2d 903, Judge HIRT said: "In Scipani v. Pressed Steel Car Co., . . . we held that the amendment of section 306(b) in the 1939 amendment by *necessary implication* supplied the ground for suspension of payments during periods when disability of an injured employee was not reflected in loss of wages." The *Scipani* case has also been followed in *Mazzaccaro v. Jermyn-Green Coal Co.,* 154 Pa. Superior Ct. 618, 36 A. 2d 828; footnote 3; *Holtz v. McGraw & Bindley,* 161 Pa. Superior Ct. 371, 54 A. 2d 905; *Devlin v. Iron Works Creek Construction Corp.,* 164 Pa. Superior Ct. 481, 66 A. 2d 221.

The *Scipani* decision was rendered in 1942, and during the ensuing decade the General Assembly has twice amended §306(b). Act of May 18, 1945, P. L. 671, §1; Act of May 14, 1949, P. L. 1369, §1. Neither amendment touched the clause, "The term 'earning power,' . . . shall in no case be less than the weekly amount which the employe receives after the accident" upon which the *Scipani* doctrine rests. The Act of 1949, supra, added this provision to the section, "and in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in similar employment." This amendment subtracted nothing from the *Scipani* decision; if anything it strengthened it.

The *Scipani* case is the settled law of the Commonwealth. It has acquired the virtual force of a legislative enactment. When the 1945 and 1949 legislatures amended §306(b) without touching the foundation of the *Scipani* case they, in effect, re-enacted the quoted

clause and the interpretation placed upon it by this Court. Statutory Construction Act of May 28, 1937, P. L. 1019, §§52(4), 73, 46 P.S. §§552, 573. If, as President Judge GIBSON of Washington County suggested in *Digasbarro v. Frick Coal Co.*, 66 D. & C. 509, §306(b) creates "an injustice in the method of calculation", a statement which seems to have impressed the court below, the appeal for correction must be directed to the General Assembly. As Judge MILNER of the court below said: "The question whether another rule or formula would achieve a fairer or more just result than the one prescribed under section 306(b) of the 1939 amendment is a matter for the legislature to determine and is not within the province of this court."

Judgment affirmed.