## Pountney v. Livingston Baking Co.

*Glass & Glass*, for claimant.

*Harkins & Wharton*, for defendant.

GRIFFITH, J., February 20, 1956.—Claimant was employed as a truck driver by defendant company at the time of his accident on January 19, 1948. His weekly wage amounted to $44.65 for a 40-hour week, and it was agreed by counsel for claimant that he received no overtime wages, so that his entire earnings at the time of the accident were $44.65 a week.

He was paid compensation after the accident from January 27, 1948, until December 25, 1949, at which time payments were suspended. They were reinstated, however, as of June 14, 1950, and an operation was performed for the removal of a protruded intervertobral disc on June 27, 1950. The referee found claimant was fully recovered on December 13, 1950, and entered an order terminating the workmen's compensation agreement. On appeal to the board the record was remanded to the referee for further hearing, and the compensation was finally declared terminated by the workmen's compensation authorities as of October 27, 1953.

On November 20, 1950, claimant obtained a position with the Automotive Supply Company, Johnstown, Pa., at a wage of $30 per week for the normal 40-hour week. However, he worked overtime on many occasions, as a result of which his actual earnings including his overtime pay were nearly as great as his actual earnings while employed by defendant before the accident. As a result, the Workmen's Compensation Board entered a decree awarding claimant compensation and interest as of April 20, 1954, in the sum of $153.49 only. From that award claimant took an appeal to this court.

Claimant contends that the method of calculation used by the referee and the Workmen's Compensation Board was incorrect. His contention is that claimant's wage for a 40-hour week before the accident was $44.65 and after the accident his wage for a 40-hour week was $30 and that consequently his compensation should be the difference or $14.65 per week in spite of the fact that his actual earnings after the accident were almost as great as his earnings before. With this contention we do not agree.

Section 306(b) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §512, provides that for partial disability a claimant shall receive 66⅔ percentum of the difference between his wages before the accident and the "earning power of the employe thereafter". Since claimant received no overtime prior to the accident, his total wages were $44.65 regardless of whether subsection (a) or (d) of section 309 of The Workmen's Compensation Act, 77 PS §582, be used to determine his prior wages. Section 306(b) provides that "the term 'earning power', as used in this section, shall in no case be less than the weekly amount which the employe receives after the accident . . .".

It is apparent, therefore, the compensation authorities compared the claimant's total wages before the

accident with his total wages after the accident in order to compute the amount of compensation due. Claimant contends that this procedure was improper in view of what was said in Devlin v. Iron Works Creek Construction Corporation, 164 Pa. Superior Ct. 481. In that case, however, there was no evidence as to claimant's actual earnings prior to the accident. The compensation agreement in that case stated that " 'as employer generally works 40 hrs. per week the wages are taken as $70.00 per week.' "

In this case it is conceded that claimant's actual earnings before the accident were $44.65 per week. In that case the court said on page 484:

"We would agree with the learned court below if the Workmen's Compensation Board had used 'as its basis the actual wages received,' but there was no evidence of the 'actual amount of wages received regardless of the rate of pay,' as provided by the 1939 amendment, either prior to or subsequent to the accident."

In that case the Workmen's Compensation Board used a different standard in computing the wages before and after the accident. The board used the actual wages after the accident but only the fixed weekly wage before the accident. In the present case the workmen's compensation authorities have compared the total wages after the accident with the total wages before the accident. We believe it is not error to use such a formula. It is true that in order to earn the same amount after the accident, claimant was required to spend more hours each week. However, we may not disregard the provisions of section 306(b) of The Workmen's Compensation Act which provides that a claimant's earning power after the accident shall in no case be less than the weekly amount which he actually receives. As was said by the Superior Court in Liberatori v. Scott Smith Cadillac Company,

172 Pa. Superior Ct. 121, 125, quoting Judge Milner of the lower court:

" 'The question whether another rule or formula would achieve a fairer or more just result than the one prescribed under section 306 (b) of the 1939 amendment is a matter for the legislature to determine and is not within the province of this court.' "

We, therefore, enter the following

### Decree

And now, February 20, 1956, at 3:50 p.m., after argument and upon due consideration, claimant's appeal is dismissed, and the prothonotary is directed to enter judgment in favor of claimant and against defendant in the amount awarded claimant by the Workmen's Compensation Board, that is $153.49, with interest from April 20, 1954.