Collins v. American Brake Shoe Company

*Barco & Barco*, for appellant.

*Culbertson & Allen*, for appellee.

THOMAS, P. J., and WALKER, J., January 8, 1965.—This case is before us on the appeal of Bernard P. Collins, the claimant, from the action of the Workmen's Compensation Board in dismissing his petition for further medical services. The petition for further medical services was originally filed on March 12, 1963, following an injury which had occurred on November 1, 1961. Claimant had filed his original claim petition on August 13, 1962, and on August 2, 1963, the award of the referee was filed, determining that there was an industrial accident in which claimant suffered injuries compensable under the Workmen's Compensation Act.

No appeal was taken from this award. The petition for further medical services was filed during the pendency of the original claim proceeding and the board, on August 8, 1963, before notice of the referee's award had been served, dismissed the petition for further medical services without prejudice on the ground that it was premature, it not having been yet determined that there was a compensable injury. On September 27, 1963, following a favorable determination of the original claim proceedings, claimant filed a petition to reinstate his original petition for further medical service. In an opinion dated December 12, 1963, the Workmen's Compensation Board dismissed the petition to reinstate and denied claimant's petition for further medical services. It is from this order that the present appeal is taken.

The board based its decision on two grounds. First, that a petition for further medical services can only be prospective in its effect and, therefore, since a portion of the claim set forth in the petition for further medical services was for services already furnished at the time the petition was filed, the petition could not be allowed to that extent; and, second, that the portion of claimant's petition requesting payment for services to be performed in the future could not be allowed, since the board is limited to ordering further medical services when it is established that such further care will result in restoring the employe's earning power and, in this case, the board concluded that there was no loss of earning power which could be restored.

Appellee relies primarily on the case of Pickens v. State Workmen's Insurance Fund, 140 Pa. Superior Ct. 258, which clearly holds that an order for further medical services must be prospective in its effect. Appellant contends that the Pickens case, supra, no longer has the effect that it had at the time it was decided, owing to the many amendments to The Workmen's

Compensation Act during the intervening years. Appellant further contends that the August 24, 1953, amendment to the act, which provides for the application of the act as to medical services where no loss of earning power occurs, permits the board to order further medical services whether or not there is a loss of earning power.

We are of the opinion that the Pickens case is still controlling insofar as it holds that an application for further medical expenses must be made prior to the furnishing of such services. It is true that there have been many amendments to our workmen's compensation legislation since this case was decided in 1940. In fact, the section of the act dealing with medical services, section 306(e) of the original act and renumbered section 306(f) under a subsequent amendment, 77 PS §531, bears little resemblance to the legislation construed in the Pickens case. However, the legislature has continued throughout these amendments to use language which would indicate that it intended to require applications for further medical, surgical and hospital services to be made *prior* to the furnishing of such services. The applicable provision of the present act, as last amended, is as follows:

"The Board may order further medical, surgical and hospital services after the end of the six month period, if it is established that further care will result in restoring the injured employe's earning power to a substantial degree. In each order the board shall specify the maximum period and the maximum cost of the treatment designed for the employe's rehabilitation": 77 PS §531.

This section was amended twice at the 1961 session of the General Assembly, by the Act of August 8, 1961, P. L. 984, and by the Act of September 30, 1961, P. L. 1762. This particular provision, however, is identical in both amendments. It should be noted that the word-

ing of the act contemplates, first, that the ordering of such further medical, surgical and hospital services is not mandatory, but is discretionary with the board; second, that as a prerequisite to the ordering of such further medical services, the board should find that such further services will result in restoring the injured employe's earning power to a substantial degree; and, third, that the order shall specify both the maximum period and maximum cost of such treatment. All of these requirements would tend to lead to the conclusion that it was the legislature's intent not to apply this provision retrospectively.

In Davis v. Mourar, 24 D. & C. 2d 689 (1961), affirmed per curiam on the opinion of the lower court in 196 Pa. Superior Ct. 180 (1961), a claim for medical expenses was allowed, although the claim was not filed until more than six months after the date of the injury and was not filed prior to the furnishing of the medical and hospital services. However, this case does not indicate that the allowance of the claim is a retrospective allowance of further medical services, but, on the contrary, holds that the mandatory six months' medical services for which The Workmen's Compensation Act makes a provision begins with the date of disability rather than with the date of injury and allowed the claim for medical services as a part of the original six months' medical services permitted to a claimant as a matter of right. In the instant case such disability, as occurred, occurred at the time of the injury, the referee so held and no appeal was taken from this finding. It is, therefore, binding upon us. We are of the opinion that the board's decision was correct insofar as it relates to those medical services already furnished claimant at the time his petition was filed: Houlihan v. Joseph J. Scheiter & Co., 166 Pa. Superior Ct. 85.

We disagree with the decision of the board in dis-

missing the petition for further medical services in futuro. The board based its decision on its conclusion that there had been no loss of earning power. A distinction must be made between "earnings" and "earning power". In Ede v. Ruhe Motor Corporation, 184 Pa. Superior Ct. 603, the court, speaking through Judge Wright, said:

. "There is a distinction between wages and earning power. Where there is disability and loss of earning power, but the employe receives as much in wages for his services as he did before the injury, an award may be made but the payment of compensation must be suspended."

And in Benedict v. Fox, 192 Pa. Superior Ct. 197, the court said:

. " 'Elements affecting earning power in addition to actual wages received after injuries are: (1) The character and extent of the physical injury of disability; (2) his productivity or efficiency in the same employment as compared to what it was immediately prior to the injury; and (3) his ability to earn wages in any kind of employment for which he is fitted.' "

See also Garvin v. Philadelphia Transportation Company, 173 Pa. Superior Ct. 15; Scipani v. Pressed Steel Car Company, 150 Pa. Superior Ct. 410, and Holtz v. McGraw & Bindley, 161 Pa. Superior Ct. 371.

The Workmen's Compensation Act itself in section 306(f), relating to surgical and medical services, contains the following proviso:

"Provided, That the provisions of this section shall apply in injuries where no loss of earning power occurs": 77 PS §531.

This provision appears to be in direct conflict with the previously quoted portion of the same section which provides that further medical, surgical and hospital services may only be directed when the earning power of the injured employe will be restored to a substan-

tial degree. These conflicting provisions will no doubt create a problem of judicial construction in the future and the problem might well be clarified by the legislature. However, in our opinion, the instant case does not require us to resolve this conflict. The referee, in his award, found that there was an undetermined partial disability as a result of claimant's accidental injury after November 15, 1961. See referee's fifth finding of fact.

In Michetti v. State Workmen's Insurance Fund, 143 Pa. Superior Ct. 458, the court construing a very similar finding of fact held that such a finding, unappealed, was binding and established a partial disability. This being true, there was an attendant loss of earning power which might not be restored by further medical services. The referee suspended payments on the ground that there was no loss of earnings, and correctly so. The board erred in concluding that since there was no loss of earning, as a result of which payments were suspended, there was also no loss of earning power which could be restored. In the Holtz case, supra, at page 378, the Superior Court said:

"In the instant case the compensation authorities were bound to suspend the payment of compensation; but for how long? Until the claimant's earnings were less than before the accident. This for the reason that the thing which suspended the payments was *not* the cessation of disability, nor the *restoration* of earning power, but the mere fact of the receipt of equivalent wages. When that falls the suspension falls."

By the same token, the suspension of claimant's compensation in this case, due to the receipt of substantially equivalent wages, does not necessarily mean that his disability has ceased or his earning power been restored. In Pickens v. State Workmen's Insurance Fund, supra, it was held that an order for further medical expenses must be made prospectively from the

date of the filing of the petition for allowance of such further services and not prospectively from the date of the entry of the board's order. Since the petition in this case was, in part, for future medical services, the board should have considered the petition on its merits as to the allowance of future medical services from March 12, 1963. Our Superior Court has repeatedly held that substance and not form should be considered in passing upon petitions under The Workmen's Compensation Act. In Mazzaccaro v. Jermyn-Green Coal Company, 154 Pa. Superior Ct. 618. The court said:

"In the spirit of liberality in the administration of this branch of the law, the substance of a petition should prevail and the label given to it be disregarded."

Although the petition in this case was on the standard form supplied by the board for a request for further medical services after the end of the six months' period, and although it, in part, requested a nunc pro tunc order, it should be considered as a prospective petition for further medical services. The board has not considered the petition on its merits but dismissed it on the legal ground that it could not entertain such a petition.

Since it is the function of the board and not this court to make initial findings of fact and to allow or disallow petitions for further medical expenses, and since the allowance or disallowance of such a petition is determined in part by the establishment of certain factual matters and in part is discretionary with the board, we make the following

ORDER

And now, January 8, 1965, the petition of claimant for reinstatement of his petition for further medical services is remanded to the Workmen's Compensation Board and the board is directed to reinstate the petition for further medical services and consider the same

on its merits insofar as it relates to medical services furnished or to be furnished subsequent to March 12, 1963, and to make the necessary findings as to an allowance or disallowance of such petition to the extent herein indicated under the appropriate provisions of The Workmen's Compensation Act.