Lewis, Appellant, *v.* Philadelphia Transportation Company.

Argued June 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Milford J. Meyer,* with him *Eugene John Lewis,* for appellant.

*Thomas F. McDevitt,* for appellee.

OPINION BY WATKINS, J., September 12, 1968:

This is an appeal in a workmen's compensation case from an order of the Court of Common Pleas of Philadelphia County dismissing an appeal of the claimant, Mary Lewis, from an order of the Workmen's Compensation Board suspending benefits.

On April 1, 1965, the Workmen's Compensation Board awarded total disability to the claimant for an accident sustained on May 4, 1962. Payments were made until October 23, 1965. The company filed a petition to terminate on October 28, 1965. The Board refused to terminate but changed the disability from total to fifteen per cent. The Board found further that this disability did not prevent the claimant from earning wages equal or in excess of those earned prior to the accident and so suspended payments.

It is difficult to see from this record how it was possible to arrive at that determination. There is no evidence from which it can be determined that the fifteen per cent disability did or did not reflect a reduction in earning power. We find in the record of the original hearing on the accident that her average weekly earnings prior to disability was $74.31. The part-time job which she was provided with by the company and which the medical evidence indicated she could perform was only for four hours daily at $2.75 per hour. She found that she couldn't continue this work but even if we conclude that she was a malingerer

as the Board seemed to find, the part-time work provided would only give her $55 weekly which on its face discloses a reduction in earning power.

The burden of proof in a petition to terminate is on the employer as is also the burden of proof as to earning power. The case of *Crain v. Small Tube Products, Inc.,* 200 Pa. Superior Ct. 426, 188 A. 2d 766 (1963) is of no help to the company because in that case compensation had been suspended by the Board because the employee's earnings were equal to or in excess of the prior earnings. Thereafter, on a claim of change in circumstances, the claimant attempted to establish loss of earnings. In that case the burden was on the claimant to establish the change in circumstances and the Board found that the recurring loss of earnings was not attributable to the accident.

In the instant case the employer had the burden to establish that all disability had ceased but the Board found continuing disability of fifteen per cent. The employer then had the burden of establishing by competent evidence that there was no loss of earning power due to the fifteen per cent disability that resulted from the accident.

"There is a distinction between wages and earning power. Where there is disability and loss of earning power, but the employe receives as much in wages for his services as he did before the injury, an award may be made but the payment of compensation must be suspended: Scipani v. Pressed Steel Car Co., 150 Pa. Superior Ct. 410, 28 A. 2d 502 . . . .". *Ede v. Ruhe Motor Corporation,* 184 Pa. Superior Ct. 603, 607, 136 A. 2d 151 (1957).

The appellant does not appeal from the finding of partial disability at fifteen per cent; she complains that there is no evidence from which it can be determined that this fifteen per cent disability did or did

not affect her earning power. Under this record we must assume that the fifteen per cent disability is a result of the accident. Then according to the Act of August 24, 1953, as amended, P. L. 1382, §306(b), 77 PS §512, the formula to be applied is simply: "sixty-six and two thirds per centum of the difference between the wages of the injured employe, . . . and the earning power of the employe thereafter; . . .".

If her earnings before the accident were $74.31 weekly and if it were proved that her possible earnings with her fifteen per cent disability were $55 weekly, then the loss of earning power was $19.31 and she would be entitled to $12.87 weekly.

"We have held that the testimony of a physician as to the estimate of a claimant's anatomical disability is not the only factor that the fact-finder must take into consideration in determining partial disability. Cunningham v. Guerrina, 188 Pa. Superior Ct. 288, 146 A. 2d 318 (1958). Here we said, at page 291, 'Such factors as the appellee's mental outlook, his industrial background, his age, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists, are to be considered'.

"From this discussion it is clear that the percentage of disability from a medical standpoint is used only as a guide to determine, with other factors, whether or not the claimant is totally or partially disabled. Once this is determined, as here, that he is partially disabled, as a matter of fact, the computation of his loss of earning power, if any, as required by the Act, is in issue." *Benedict v. Fox,* 192 Pa. Superior Ct. 197, 159 A. 2d 756 (1960).

The record is remanded to the Workmen's Compensation Board to determine claimant's present earning power.

MONTGOMERY, J., dissents.