Nina M. Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Clearfield County Vo-Tech School and Insurance Company of North America, Respondents.

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*William A. Hebe,* with him *Michael S. Ramage,* and *Spencer, Gleason & Hebe,* for petitioner.

*Raymond F. Keisling,* with him *Will & Keisling,* for respondents.

OPINION BY JUDGE DISALLE, July 14, 1978:

This is a petition for review filed by Nina M. Johnson (Claimant) from an order of the Workmen's Com-

pensation Appeal Board (Board) dated May 5, 1977. Claimant challenges that part of the order which in effect found that she had not suffered a loss of earning power because of her inability to perform a second job.

During the 1972-1973 school year, Claimant was employed full-time by the Clearfield County Vo-Tech School as a clothing design teacher at an annual salary of $7,150. Additionally, she was employed to teach adult education classes two nights a week for which she received a salary of $1,191 per year. On January 22, 1973, Claimant slipped and fell in the teacher's parking lot, sustaining serious back injuries. After the accident, she returned to teach her daytime classes, but on the advice of her doctor, she did not resume teaching the adult education classes and has not done so since the accident.

In accordance with an escalator clause in Claimant's contract, her compensation during the 1973-1974 school year for her daytime teaching duties was raised from $7,150 to $8,370, or from $210 per week to $227.45 per week. Similarly, for the 1974-1975 school year, Claimant's compensation for her daytime job was raised to $260.15 per week. The Board's order of May 5, 1977, deleted any prior orders or awards entered by the referee or the Board insofar as they were inconsistent with it, and awarded Claimant compensation for partial disability from January 22, 1973 to September 3, 1974. The order suspended compensation after September 3, 1974, since Claimant had resumed her full-time teaching job and was receiving wages in excess of her average weekly wage prior to the accident.

It is Claimant's contention that application of Section 306(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §512, to the facts of this case requires that additional compensation be afforded her. The particular

language of Section 306(b) relied on by Claimant is as follows:

> The term 'earning power,' as used in this section, shall in no case be less than the weekly amount which the employe receives after the injury, . . . and in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in employment similar to that in which the injured employe was engaged at the time of the injury.

Since her fellow teachers are receiving the same compensation as she for teaching daytime classes, and in addition thereto are being paid for teaching the adult education classes, Claimant argues that not only is she not receiving more compensation than "a fellow employe in employment similar to that in which the employe was engaged at the time of the injury," but that she is in fact receiving less compensation than they. Consequently, in order to be on a par with her fellow employes, she contends that she should receive partial disability compensation for loss of her second job.[1]

Section 306(b) has been interpreted so as to differentiate between wages and earning power. Where there is a disability with a resultant loss of earning power but the employe receives as much for her services as she earned before the injury, payments of compensation must be suspended during periods when the disability is not reflected in loss of wages. *Scipani v. Pressed Steel Car Co.*, 150 Pa. Superior Ct. 410, 28 A.2d 502 (1942). This general rule should apply whether the employe was holding one or more jobs prior to the injury. The actual amount of wages received is the dispositive and controlling factor, not the

---

[1] It is apparently conceded that Claimant presently has a partial disability.

530

rate of pay, the lack of opportunity for employment, or the inability to perform previous workloads. *Benedict v. Fox,* 192 Pa. Superior Ct. 197, 159 A.2d 756 (1960); *Liberatori v. Scott Smith Cadillac Co.,* 172 Pa. Superior Ct. 121, 92 A.2d 557 (1952).

Claimant admits she is presently receiving more in compensation from teaching the daytime job than the earnings she realized at the time of the accident from both jobs. While we admire and commend Claimant's speedy return to work, we are nevertheless constrained to conclude that the decision of the Workmen's Compensation Appeal Board must be affirmed.

ORDER

AND Now, this 14th day of July, 1978, the award of the Workmen's Compensation Appeal Board, dated May 5, 1977, is hereby affirmed.