Mazzaccaro, Appellant, *v.* Jermyn-Green Coal
Company.

Argued March 6, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Roger J. Dever* for appellant.

*W. W. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *W. A. Skinner,* for appellee.

OPINION BY KENWORTHEY, J., April 11, 1944:

This appeal requires us to straighten out a procedural entanglement which resulted primarily from the failure of the Workmen's Compensation Board to appreciate the separate and distinct functions performed by petitions filed under §§413, 423, 425 and 426 of the Workmen's Compensation Law [1] and, secondarily, because it ignored or overlooked our frequent pronouncements to the effect that, in the spirit of liberality in the adminis-

---

[1] Act of June 2, 1915, P. L. 736, as finally amended by the Act of June 21, 1939, P. L. 520 §1, 77 PS 772, 853, 854, 856, 871.

tration of this branch of the law, the substance of a petition should prevail and the label given to it be disregarded. *Gleyze v. Hale Coal Co.,* 149 Pa. Superior Ct. 18, 26 A. (2d) 141; *Hill v. Booth & Flinn Co.,* 146 Pa. Superior Ct. 575, 23 A. (2d) 85.

On a petition for termination filed by the employer, the referee made an award of compensation for partial disability under §306(b).[2] The employer appealed to the board on the ground the evidence was insufficient to sustain the award. While the case was pending and before any decision by the board, the employer filed a "Petition for Rehearing," in which it was alleged that, shortly after the award of the referee, claimant obtained employment in which he received wages in excess of those received prior to the accident,[3] and that his claim of disability and resulting loss of earning power had not been made in good faith.

The board affirmed the referee's findings, conclusions and award; it dismissed the petition for rehearing in a single sentence as follows: "Insofar as all of the facts alleged in the petition pertain to matters subsequent to the award of the *referee,* it is our opinion that the proper procedure for the defendant would be to file a petition for termination of the payments to the claimant, and not a petition for a rehearing." (Italics added.)

The employer thereupon appealed to the common pleas and filed a second "Petition for Rehearing" with the board in which it reasserted the facts set forth in the original petition and pleaded that "should the award be affirmed by the court, [defendant] will be obliged to pay compensation for nearly the entire year of 1942 under facts and circumstances when no compensation

---

[2] 77 PS 512.

[3] Under §306(b), as amended by Act of 1939, claimant is not entitled to compensation during any period in which his wages exceed those received prior to the accident. *Scipani v. Pressed Steel Car Co.,* 150 Pa. Superior Ct. 410, 28 A. (2d) 502.

was payable, because any petition to terminate filed hereafter would be confined to changes after the award," i. e. the award by the *board*. The board again refused the petition for the same reason stated in its original opinion and for the additional reason that the employer had failed to comply with its Rule No. 5, which requires that petitions for rehearing be supplemented by detailed affidavits supporting the material allegations.

The court of common pleas reversed and made an order returning the case to the board "for further determination of the facts as to what the claimant has received and the amount that would be due him after his loss of earning power is thus established, and consideration of the evidence as bearing upon the actual loss of earning power." Claimant appealed.

In reality, the employer, by its first petition, filed while the case was pending on appeal before the board, sought to invoke the board's power to either (a) hear other evidence under §423,[4] or (b) grant a hearing de novo under §425.[5] The allegation of after-discovered evidence (that claimant had, subsequent to the referee's award, obtained employment in which the wages he received exceeded his wages prior to the accident) which

[4] § 423, in the first paragraph (77 PS 853), provides for an appeal to the board from a referee's award or disallowance of compensation. The second paragraph (77 PS 854) provides that the board, on appeal, may disregard the findings of fact of the referee, may substitute its own findings and make such disallowance or award of compensation or other order as the facts so found by it may require and "if it deem proper may hear other evidence."

[5] §425 (77 PS 856) provides that whenever an appeal is taken on the ground that the referee's award or disallowance is unwarranted by the evidence or because of fraud, coercion or other improper conduct by any party in interest "the board may, in its discretion, grant a hearing de novo before the board, or one or more of its members, or assign the petition for rehearing to any referee designated by it or sustain the referee's award or disallowance of compensation."

was not available to it and could not have been discovered prior to the hearings before the referee, would have justified the board in hearing the evidence itself under §423; the allegation that the claim of disability was made in bad faith amounts to an allegation of fraud and brought it within the scope of §425. The board's action in dismissing the first petition was not based on an alleged violation of Rule No. 5, or any other rule of the board, and, in our opinion, it should have been treated as though filed under these sections and promptly granted. The evidence to support the employer's allegations could easily have been heard at a short hearing which would have involved little or no delay in the ultimate decision of the case. And when a tribunal has its attention called, prior to its adjudication, to an alteration of facts which, if disregarded, would lead it into error, the interests of justice require it to avoid the error, not stubbornly to commit it, and relegate the injured party to some procedure designed to correct the error after it is made.

If the board were correct in holding that the appropriate remedy was a petition for termination under §413 [6] on the ground that it alleged a change of circumstances "subsequent to the award of the referee," it should have treated it as such and disregarded the form. *Gleyze v. Hale Coal Co.,* supra. The important parts of any petition are the allegations of fact, which were ample to enable the board to grant appropriate relief.

But, in our opinion, a petition under the second para-

---

[6] §413, in the second paragraph (77 PS 772), provides: "The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate ...... an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed."

graph of §413 was never, at any stage of the present case, an appropriate procedure. So long as the case was pending before the workmen's compensation authorities, the appropriate petition for leave to take additional testimony was either under §423 or §425. Where there has been an appeal to the board there is no award, within the meaning of the term as used in §413 and §426,[7] until the board takes final action. The referee is merely the agent of the board. *Jordan v. Merchants Meat Co.*, 138 Pa. Superior Ct. 133, 138, 10 A. (2d) 72; *Powell v. Hills Garage*, 150 Pa. Superior Ct. 17, 21, 27 A. (2d) 773. His functions have been compared to those of a master in equity. *Morgan v. Sanderson*, 146 Pa. Superior Ct. 37, 21 A. (2d) 475. The principal difference is (apart from the procedural difference that in the one case the findings are challenged by an appeal and in the other by exceptions) that, if no appeal is taken from the findings of a referee within the time provided by law, his order then ripens into an award. *Calabria v. State Workmen's Ins. Fund*, 333 Pa. 40, 43, 3 A. (2d) 322. When the legislature provided in §413 that the board may "modify, reinstate, suspend, or terminate ...... an award, upon petition filed," and in §426 that the board may "grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon

[7] §426 provides (77 PS 871): "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this commonwealth to which an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee ......; but such rehearing shall not be granted more than two years after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee."

which the board has sustained or reversed any action of a referee," it contemplated final action by the board before a petition under either of these sections is ready to function; an award by a referee is not enough. And we have held that §413 applies only where a change in circumstances has taken place subsequent to an award,[8] which means subsequent to the award by the board, not subsequent to the tentative action of a referee but before the board has taken final action. It follows, therefore, that even the second petition, filed after the final action of the board but based on a change of circumstances which took place prior to it, could not have been filed under §413, but was properly filed under §426. And, unless the petition was properly dismissed for failure to comply with its rule No. 5, the board again committed error when it refused the second petition for rehearing.

We are unwilling to dispose of this case and to adjudicate the rights of these parties on the basis of the technical violation of Rule No. 5. It is now too late to file a new petition for rehearing under §426 and the employer would be compelled to pay large sums of money in compensation for which it may not be liable. Both petitions were verified by affidavit. The second petition was in substantially the same form as the first and perhaps the employer was justified in assuming that, since there had been no objection to the first by either the claimant or the board, its form was acceptable. And, although Rule No. 5 clearly enough requires the affidavits of witnesses, the board has adopted no rule of procedure specifying the penalty for failure of compliance. Of course, the board has a right to enforce its rules. But its order of dismissal, particularly in the absence of a rule expressly permitting it, was, in the present case, too severe a penalty; it should have required and allowed the employer to amend.

---

[8] *Gleyze v. Hale Coal Co.,* supra at 20.

Since we are affirming the order of the lower court, it is not necessary to discuss the motion to quash the appeal.

The order of the court below is affirmed, with leave to the board, if it so desires, to make an appropriate order requiring the employer to amend its second petition for rehearing so as to comply with Rule No. 5.