Morgan *v.* Michael Baker, Jr., Inc. et al.,
Appellants.

Argued November 9, 1964.   Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*Robert C. Little,* with him *Burns & Manley,* for appellants.

*J. Leonard Solomon,* for appellee.

OPINION BY WATKINS, J., December 16, 1964:

This is an appeal from the judgment of the Court of Common Pleas of Beaver County entered on a decision in a workmen's compensation case in favor of the claimant.

The claimant, Margaret D. Hoyman Morgan, is the widow of Michael D. Hoyman, who died as the result of an acute pulmonary edema on February 3, 1961. He was 53 years of age and although he had no knowledge of it and although it had not previously affected his employment in any way, he was suffering from a highly sclerotic condition of the coronary arteries. The evidence shows he was in apparent good health prior to the accident.

He was employed as transportation manager for Michael Baker, Jr., Inc. His normal duties were principally administrative, although he did drive a car for the president of the corporation. He was in charge of the corporation's fleet of automobiles. He had two assistants. He began working for the corporation in July, 1958 and was so employed until his death on February 3, 1961.

On February 3, 1961, his two assistants had been assigned elsewhere so that the decedent was left alone with their duties as well as his own. On the date in question there was a heavy snowstorm so that by noon there was a fall of six to seven inches of snow. Because of the absence of his assistants and the unusual weather conditions he performed physical duties not ordinarily undertaken. His working hours were from 8:00 a.m. until 5:30 p.m., and on the day in question he did not return home and he was found dead lying

on the office floor. The time of death was fixed as between 5:00 p.m. and 11:00 p.m. on February 3, 1961. The referee made the following eighth finding of fact:

"Eighth: On February 3, 1961, the decedent reported for work at approximately 8 a.m. During the course of the day until he was last seen at about 5 p.m., the decedent, in carrying out work for the defendant, was observed in the following activities: Making several trips in and out of his office on which he would have to use a pair of stairs with 15 steps; Making at least five trips by foot through the snow 225 feet to a nearby service station; Clearing six inches of snow from Mr. Baker's car at noon and driving company officials to lunch; Using a push broom to clear snow from company cars as they arrived at the garage; Using his private car to push a company official's car just before 5 p.m.; Making at least two trips on foot through the snow to the company garage 50 yards from his office; Going from car to car to see if chains were in the trunks of the cars; and Running around to help cars that were stuck in the company lot. The decedent wore winter clothes including an overcoat and high boots on these trips outside, and when he went out he had trouble putting on his boots."

These findings were supported by competent evidence and the referee concluded that he had "overexerted himself in carrying on unusual and unexpected duties arising out of the heavy snowfall and not normally carried on by him in his capacity as transportation manager; . . .". And further "that the over-exertion and strain led to pulmonary edema, . . . and that the pulmonary edema brought about coronary insufficiency which resulted in the death . . .". He then found that the death was directly connected with the over-exertion and strain while in the course of decedent's employment. The Workmen's Compensation Board on appeal affirmed the decision of the referee and dis-

missed the appeal and again affirmed the award after the grant of a petition for reargument to the employer. The court below affirmed the action of the board and dismissed the appeal.

The only question before us is whether there is legally competent evidence to support the findings of the board. *Urbasik v. Johnstown*, 198 Pa. Superior Ct. 232, 182 A. 2d 90 (1962). We have held that an injury resulting from over-exertion or unusual exertion is compensable. *Miller v. Schiffner*, 196 Pa. Superior Ct. 84, 173 A. 2d 707 (1961). The humane purposes and intent of compensation legislation must always be kept in mind. A liberal construction in favor of the claimant should be given to the Workmen's Compensation Act. As the board found for the claimant, we must review the evidence in the light most favorable to the claimant and give her the benefit of all inferences reasonably deductible therefrom. *Muir v. Wilson Coal Company*, 194 Pa. Superior Ct. 487, 168 A. 2d 588 (1961).

There is a conflict of medical evidence and we have held many times that the issues created by such conflict are to be resolved by the compensation authorities. *Stites v. Rex Bar*, 202 Pa. Superior Ct. 587, 198 A. 2d 615 (1964). Dr. Irvin M. Pochapin, a specialist in internal medicine, testified as follows: "A. As a result of a pre-existing arteriosclerosis involving his cardiovascular apparatus, Michael D. Hoyman, on February 3, 1961, due to unusual exertion, evident stress and strain, suddenly developed acute pulmonary edema, which condition results from myocardial insufficiency, resulting in difficulty of circulation through the pulmonary vessels and causing accumulation of fluid which, in the greatest majority of cases, is fatal, terminal, regardless of any means attempted at that time to overcome the condition of the lung. Q. Just briefly, doctor, what, in your opinion was the competent,

producing cause of Mr. Hoyman's death? A. Acute pulmonary edema. Q. Caused by what? A. As described by me previously, because he took care of cars, tried to clear the snow from the cars and was constantly on the go, and since he was in a responsible managerial position, his duties required this activity, which resulted in stress and strain, and he was found lying face down on the floor, dead, as a result of pulmonary edema. Consequently, my professional opinion that his exertion and activities during the day of February 3, 1961, as described by various witnesses, was the factor bringing about his sudden death on February 3, 1961."

If unusual exertion is proved to be a material cause of the death, then the fact that he suffered from a pre-existing condition will not preclude recovery of compensation. *Kotkoskie v. N. W. Mine Co.*, 105 Pa. Superior Ct. 480, 161 A. 480 (1932); *Fehr v. Y.M.C.A.*, 201 Pa. Superior Ct. 107, 114, 192 A. 2d 143 (1963). As the court below put it:

"The fact that over-exertion and anxiety aggravated a pre-existing disease does not bar compensation and such over-exertion may constitute an accident: Miller v. Schiffner, supra.

"In Foster v. State College Borough, 124 Pa. Superior Court 492, 499, President Judge KELLER said: 'In all of these cases, and many more which could be cited, it must not be thought that the employee had never before done what he was doing when his over-exertion resulted in death; but it was not his usual regular, everyday work. Frequently such men are required to do something out of the ordinary line of their work, requiring extra exertion, and no harm comes from it; but when something does go wrong in the body as a result of such extra or over-exertion, the law regards it as accidental for purposes of workmen's compensation.' In that case a fireman ran to the scene of a

fire and pulled a fire hose to a fire plug. He then dropped dead of an acute heart attack. The case is cited with approval by Judge WRIGHT in Nelson v. Borough of Greenville, 181 Pa. Superior Court 488. With relation to usual and customary duties, we conclude that the factual situation is similar to the incident here under consideration."

Decision affirmed.