## Bailey, Appellant, *v.* Buzzard.

Argued April 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*H. Ray Pope, Jr.,* for appellant.

*Donald J. Dennison,* with him *Chester H. Byerly* and *David G. Matson,* for appellees.

OPINION BY WRIGHT, J., June 17, 1965:

This is a workmen's compensation case. The Referee made an award in favor of the claimant. The Board sustained an appeal by the defendants, and dismissed the claim petition. The Court of Common Pleas of Clarion County affirmed the Board, and entered judgment for the defendants. The claimant has appealed to this court.

Arthur Bailey was employed by Jesse Buzzard, Jr. as a truck driver. His claim petition, as amended, averred that, on the morning of January 29, 1962, claimant injured his back while shoveling a ditch along a public road being used for the transportation of coal. Due to bad road conditions, claimant would sometimes dismount from his truck to fill pot holes or open clogged ditches. Concerning the alleged accident, claimant testified as follows: "I stopped my truck, took a shovel off the truck, went to the ditch and shoveled three or four times and when I reared back I felt a sharp pain in my back. Then I quit shoveling right there. The pain was so severe I just could not shovel, I had to quit".

The record discloses that on March 5, 1959, while working for a previous employer, claimant was dis-

abled for four months as a result of twisting his back. Clinical examination and x-ray studies at that time by Dr. Mayer S. DeRoy revealed a degenerated disc at L5 S1. Following the alleged accident of January 29, 1962, claimant was treated by Dr. Roy Temelis, an office associate of Dr. DeRoy, who testified as follows: "It was my feeling then as now that he had a degenerate disc at L5 S1 that had been existent for some period of time, but aggravated by the recent trauma in producing the acute symptoms as evidenced".

The Board's theory, sustained by the court below, was that claimant had failed to establish the happening of an accident. As stated by the Board: "Even though we do not find an accident based on claimant's own evidence, neither do we, under the facts and circumstances of this case, attach credibility to claimant's testimony . . . We find that the disability of the claimant resulted from the normal progress of a pre-existing condition. The medical history of claimant and the testimony of Dr. Temelis leads to no other conclusion".

The claimant has the burden to prove all of the elements necessary to support an award, including the occurrence of an accident: *Landis v. General Motors Corp.,* 180 Pa. Superior Ct. 332, 119 A. 2d 645. It is for the Board to determine from the evidence whether claimant has sustained his burden: *McCafferty v. Masten Transportation, Inc.,* 205 Pa. Superior Ct. 239, 209 A. 2d 11. Where the Board has found against the party having the burden of proof, the question on appeal is whether there has been a capricious disregard of competent evidence: *Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A. 2d 578.

We find no capricious disregard of competent evidence in the case at bar, indeed no other determination by the Board could have been sustained on this record. Where, as in the instant case, there is no accident in the ordinary lay understanding of the term, disability

which occurs in the performance of claimant's usual duties is not compensable if it results from the aggravation of a pre-existing physical weakness: *Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A. 2d 7. And see *Findon v. Nick Chevrolet,* 204 Pa. Superior Ct. 99, 203 A. 2d 238.

Judgment affirmed.