Beck, Appellant, *v.* Container Corporation
of America.

Argued March 24, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Milton Jacobson,* for appellant.

*Gilbert P. High,* with him *High, Swartz, Roberts and Seidel,* for appellee.

458

OPINION BY WRIGHT, J., April 14, 1966:

This is a workmen's compensation case. The Referee found that claimant had failed to establish a compensable accident. The Board affirmed the Referee's order of disallowance. The Court of Common Pleas of Montgomery County sustained the decision of the Board, and entered judgment for the employer. This appeal followed.

E. Fern Beck, the claimant, was regularly employed by Container Corporation of America in the manufacture of cartons. On April 11, 1962, the date of the alleged accident, claimant was working as a "grabber" unloading a conveyor belt carrying flat cake cartons on which cellophane windows had been glued. Her duty was to stack the cartons on a table until they reached a premeasured height indicating that there were 250 cartons in the stack. She would then move the stack of cartons, weighing about five pounds, and place it upon a nearby skid or pallet. At the time of the alleged accident there were three skids piled one on top the other. Claimant testified that this procedure was unusual, and that she had to stand on her tiptoes and extend her arms over her head in order to load the cartons. The shift foreman testified to the contrary that this procedure was common practice, and that claimant was not required to reach above her head. It was claimant's theory that, as she was sliding a pile of cartons across the skid or pallet, she experienced severe pain in her lower left back. Claimant finished her work shift and also worked a full shift the next day. She made no complaint to the shift foreman of any accident or pain, nor did she allude to any accident or physical condition when she asked the personnel manager for a letter of recommendation to another employer.

On April 13, 1962, claimant consulted Dr. John C. Maerz, her family physician and the employer's com-

pany doctor. Dr. Maerz had been treating claimant for several months prior thereto "mainly for tiredness and abdominal cramps and generalized aches and pains in her arms and shoulders which I felt had to do more with tension fibrositis". Claimant made no mention of an accidental injury. She complained of back pain which had existed prior to the alleged accident, and which the doctor felt "was building up since the first of the year". In August, 1962, Dr. Maerz referred claimant to Dr. Victor Vare for x-rays which disclosed an osteophyte formation at L 5 and S 1, indicating a chronic degenerative disease of several years standing. Claimant was eventually referred to Dr. Joseph A. Brady, a neurological surgeon, whose diagnosis was disgenic disease at either L 4 and L 5 or L 5 and S 1. A subsequent myelogram disclosed a disc defect. On October 29, 1962, Dr. Brady performed a hemi-lamectomy at L 4-L 5 and L 5-S 1. While Dr. Brady stated on direct examination that the condition he found was consistent with claimant's theory of an accidental injury, he agreed on cross-examination with the testimony of Dr. Maerz that claimant's condition was a chronic degenerative disc disease which had its inception prior to the alleged accident.

In refusing an award the compensation authorities made the following findings of fact, inter alia: "10. The Referee finds that claimant was not altogether frank, candid and credible. 11. The Referee finds that the incident of April 11, 1962, was not an accident within the meaning and provisions of the Pennsylvania Workmen's Compensation Act". After reviewing this original record, we can readily understand the basis for these findings. Here pertinent is our recent statement in *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846 (citations omitted): "It was claimant's burden to prove all of the elements necessary to support an award . . . The Board is the

final arbiter of the facts . . . Since the Board found against the claimant, the evidence on appeal must be viewed in the light most favorable to the employer ... . The question before us is not whether the evidence would support a finding in favor of the claimant, but whether there has been a capricious disregard of competent evidence in the failure to so find".

The instant record does not disclose an accident in the ordinary lay understanding of that term. Cf. *Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A. 2d 7. An accident may not be inferred from the fact that disability overtakes an employe in the performance of his usual duties: *Urbasik v. Johnstown,* 198 Pa. Superior Ct. 232, 182 A. 2d 90. In the case of *Morgan v. Michael Baker, Jr., Inc.,* 204 Pa. Superior Ct. 521, 205 A. 2d 668, relied upon by appellant, the Board found as a fact that the claimant was performing work which differed in nature from his usual occupation. In the case at bar, the Board was fully justified in refusing to make such a finding.

Appellant's alternate contention is that a compensable injury may occur in the course of the normal duties of an employe and without overexertion when a strain, sprain or twist causes a break or sudden change in the physical structure or tissues of the body. This proposition is settled law: *Wance v. Gettig Eng. and Mfg. Co., Inc.,* 204 Pa. Superior Ct. 297, 204 A. 2d 492. However, it has no application where disability results from the aggravation of a pre-existing physical weakness: *Bailey v. Buzzard,* 205 Pa. Superior Ct. 432, 210 A. 2d 926. The instant record clearly reveals that claimant **was not a normal healthy worker. She was suffer**ing from a chronic degenerative disc disease. For this reason her claim may not be sustained under the unusual pathological result doctrine. Cf. *Findon v. Nick Chevrolet,* 204 Pa. Superior Ct. 99, 203 A. 2d 238.

Judgment affirmed.