Arnold Coal & Supply Co., Inc., et al. *v.* Markle, et al.

Argued December 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*R. J. Woodside,* with him *Shearer, Mette, Hoerner & Woodside,* for appellants.

*Carl B. Stoner, Jr.,* with him *Prowell, Stoner & Kusic,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 8, 1973:

The sole issue in this Workmen's Compensation case is whether the Workmen's Compensation Appeal Board erred as a matter of law in applying the "Unusual Pathological Result Doctrine" to allow recovery by the claimant.

The claimant in this case, Paul C. Markle, was employed by Arnold Coal and Supply Company, Inc. In the winter months he drove an oil truck, and in the summer he worked in the service department cleaning and installing burners, loading furnaces on trucks, and delivering them to the various job sites.

On May 28, 1969, as the claimant assisted his boss in lifting a boiler, he felt a sharp pain in his right leg. The leg later swelled, became sore and red, and required the medical attention of the claimant's family physician, Doctor John J. Snyder. The injury was diagnosed as traumatic phlebitis.

The referee disallowed the claimant's petition for compensation, citing the failure of the claimant to show an industrial accident. The Workmen's Compensation Appeal Board reversed the decision of the referee and found that the claimant was entitled to bene-

fits. The employer, Arnold Coal and Supply Co., Inc., appeals that result to this Court.

The review by the Commonwealth Court of Pennsylvania of a decision of the Workmen's Compensation Appeal Board is limited to a determination as to whether constitutional rights were violated, an error of law committed, or any necessary finding of fact was not supported by substantial evidence. *Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972).

Since the record fails to disclose an accident in the lay understanding of the term, *See Beck v. Container Corporation of America,* 207 Pa. Superior Ct. 456, 218 A. 2d 839 (1966), and the claimant's own testimony precludes a recovery under the unusual strain doctrine,[1] the Board's sole basis for granting recovery to the claimant was founded on the "Unusual Pathological Result Doctrine." That was error.

A compensable injury may occur in the course of the normal duties of an employe and without over-exertion, when a strain or twist causes a break or sudden change in the physical structure or tissues of the body. *Wance v. Gettig Engineering & Mfg. Co., Inc. et al.,* 204 Pa. Superior Ct. 297, 204 A. 2d 492 (1964). However, that doctrine has no application where the disability results from an aggravation of a pre-existing physical weakness. *Bailey v. Buzzard,* 205 Pa. Superior Ct. 432, 210 A. 2d 926 (1965).

The Board has disregarded the testimony of the claimant's own physician which clearly indicates that the claimant not only suffered from varicose veins, but that the injury would not have occurred were it not for the presence of this previous condition. Clearly, the claimant aggravated a pre-existing ailment.

---

[1] The claimant testified that lifting of boilers was not unusual in his line of work, and that he had engaged in this activity previously.

The Board erred as a matter of law in its application of the unusual pathological result doctrine.

ORDER

AND NOW, this 8th day of March, 1973, the Order of the Workmen's Compensation Appeal Board dated May 25, 1972 is hereby reversed.