Royal Factories, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Balbino Garcia, Appellee.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Martin J. Fallon, Jr.*, with him *John F. McElvenny*, for appellants.

*David Freeman*, for appellee.

OPINION BY JUDGE BLATT, January 21, 1975:

Balbino Garcia (claimant) was employed by Royal Factories, Inc. (employer) in Philadelphia as a laborer,

at a salary of $77.10 per week, when, while at work on July 9, 1968, he fell and injured his left knee. On November 1, 1968 he entered into a compensation agreement with the employer for the payment of weekly benefits for total disability in the amount of $51.40 per week. On April 3, 1969 the employer filed a petition for termination and after hearings in March and July of 1970 a referee issued his decision finding partial disability and ordering the employer to pay benefits at the reduced rate of $45.00 per week. Both the claimant and the employer appealed this decision to the Workmen's Compensation Board of Appeals (Board). While this appeal was pending, the employer also filed with the Board a petition for rehearing under Section 426 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §871. The petition was accompanied by affidavits which alleged that the claimant had resumed working on a daily basis at a new job in October of 1970 and that this new job required him to bundle newspapers and deliver them by car to various stores in Philadelphia at wages of $70.00 per week. On September 9, 1971 the Board issued its decision finding that the claimant was suffering from a 25% partial disability and awarded benefits at the rate of $12.82 per week. In response to the employer's petition for rehearing the Board merely concluded: "The Defendant's petition for a rehearing does not move us and is denied." The employer appealed from this decision, which was affirmed by the Court of Common Pleas of Philadelphia on October 15, 1973, and the employer now appeals to this Court.

Our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or any necessary finding of fact by the Board was unsupported by substantial evidence. *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973).

The employer here argues that the Board abused its discretion in failing to grant the petition for rehearing. We must agree. If the facts alleged in that petition were true, there was probably no loss of earning power as of October of 1970. In addition, the fact that the claimant was bundling and delivering newspapers three months after he testified that he was unable even to perform light factory work could certainly affect the believability of that prior testimony. In any case a rehearing would have certainly been appropriate in order for the employer to present its very relevant evidence on this matter and for the claimant to render an explanation.

The claimant argues that the employer should have filed a petition to terminate instead of a petition for rehearing. The law, however, is well settled that strictness of pleading in workmen's compensation cases is not required, and a petition presented under an improper section will be deemed to have been presented under the proper section. *Lako v. Schlessinger,* 208 Pa. Superior Ct. 85, 220 A. 2d 665 (1966). In *Mazzaccaro v. Jermyn-Green Coal Company,* 154 Pa. Superior Ct. 618, 36 A. 2d 828 (1944), where the factual situation was almost identical to that of this case, the court held that the Board erred in denying a petition for rehearing. In doing so the court reasoned:

"And when a tribunal has its attention called, prior to its adjudication, to an alteration of facts which, if disregarded, would lead it into error, the interests of justice require it to avoid the error, not stubbornly to commit it, and relegate the injured party to some procedure designed to correct the error after it is made." 154 Pa. Superior Ct. at 622, 36 A. 2d at 829.

The court in *Mazzaccaro, supra,* also indicated that neither a petition for termination under Section 413,[1]

---

1. Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

nor a petition for rehearing under Section 426[2] was the proper procedure, since both of those sections refer to procedures which become available after the Board has taken final action. Instead, the court indicated that under Section 423[3] the Board is authorized to hear other evidence while the appeal of a referee's award is pending before it and that that section was the proper one under which to apply for rehearing during that time.[4]

Our conclusion that the Board should have granted a rehearing obviously renders it impossible for us to determine whether or not the Board's decision was supported by substantial evidence. The record, as it presently stands, is simply incomplete.

We, therefore, reverse the order of the lower court and remand the record to the Workmen's Compensation Board with the instruction that the requested rehearing be granted.

---

2. Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §871.

3. Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §854.

4. The Board's decision in this case was issued prior to the effective date of the 1972 amendments to Section 423 and we need not consider here what, if any, effect those amendments may have upon the appropriateness of proceeding under that section in a case such as this one.