579 A.2d 444

**OGDEN AVIATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PRICE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1990.

Decided Aug. 10, 1990.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, Philadelphia, for petitioner.

Larry Pitt, Wyncote, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the petition for review filed by Ogden Aviation (Employer) challenging the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of benefits for total disability to Rosemary Price (Claimant) and dismissed Employer's petition for rehearing under Section 426 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 871. The issue presented for this Court's review is whether the Board abused its discretion in affirming the referee's award of benefits and denying the Employer's petition for rehearing where Employer alleged in the petition that its investigation subsequent to the referee's decision had revealed Claimant's new employments before and after the referee's decision. The Board is reversed and the matter is remanded to the Board.

Claimant was employed as an electric cart attendant for Employer at the Philadelphia International Airport earning $86.25 per week when, while at work on January 2, 1987, she was struck by a metal door and thrown against the wall as she reached for the doorknob resulting in her injuries. Claimant reported the incident to her supervisor the next

day and continued to work until January 11, 1987 when her supervisors sent her home after she complained of pain. October 25, 1988 Hearing, N.T., p. 7. On March 27, 1987, Claimant filed a claim petition alleging work-related injuries of lumbosacral strain and sprain, and cervical strain. At hearing before the referee, Claimant testified that she could not return to work due to headaches and pain in her back, right arm and right hand since the January 2, 1987 injuries. She also stated that she could not perform even light housework. June 16, 1987 Hearing, N.T., pp. 7, 12–13. Dr. Alexander Bunt, Jr. testified at deposition on behalf of Claimant that she suffered lumbosacral strain and sprain with myofascitis as a result of the January 2, 1987 incident. It was Dr. Bunt's opinion that Claimant could not return to work. November 16, 1987 Deposition, N.T., p. 9.

Employer offered the testimony of Stephen M. Headley to whom Claimant reported the incident the next day. He testified that Claimant's only complaint was injury to her wrist. October 25, 1988 Hearing, N.T., p. 9. Dr. Noubar Didizian testified on behalf of Employer that based on his physical examination of Claimant on April 30, 1987, and review of CT Scan and EMG results, she had fully recovered from any injuries she might have sustained on January 2, 1987. June 30, 1988 Deposition, N.T., pp. 15–16. On March 21, 1989, the referee, following conclusion of hearings, awarded benefits to Claimant for total disability at the rate of $120.33 per week commencing January 11, 1987. The referee found the testimony of Claimant and her physician Dr. Bunt to be credible and convincing. Referee's Findings of Fact, No. 13.

On April 17, 1989, Employer appealed the referee's decision to the Board. On August 2, 1989, the scheduled hearing date before the Board on its appeal, Employer filed a petition for rehearing with the Board alleging that an investigation into the claim subsequent to the referee's decision had disclosed Claimant's new gainful employments

before and after the referee's decision.[1] Employer requested the Board to vacate the referee's decision and remand the matter to the referee for Employer's opportunity to present such after-discovered evidence. In her answer to the petition for rehearing, Claimant admitted her new employments as alleged in the petition. The Board, however, affirmed the referee's award of benefits and dismissed the petition for rehearing stating that Employer's allegations in the petition were not sufficient to vacate the referee's decision and that Employer could petition for review, modification or termination with the referee. Employer contends on appeal to this Court that the Board abused its discretion in refusing to grant rehearing based on the after-discovered evidence.[2]

The proper method for requesting the introduction of after-discovered, noncumulative evidence under Section 426 of the Act is by filing a petition for rehearing before the Board. *Patterson v. Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.)*, 123 Pa. Commonwealth Ct. 541, 554 A.2d 614 (1989). The grant or denial of rehearing is left to the discretion of the Board and this Court will not disturb that decision absent a clear abuse of discretion. *UGI Corp. v. Workmen's Compensation*

1. Mark Schaffer, a private investigator, who was hired by Employer to investigate the claim involved in this case, states in his affidavit attached to the petition for rehearing that:

   Our investigation has disclosed that Claimant, Rosemary Price, S.S. # 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, who resides at 208 W. 2nd Street, Chester, Pennsylvania, has had gainful employment with Western Temporary Services, at least as early as December, 1988; that Rosemary Price had gainful employment with Western Temporary Services in March, 1989 (when the Decision of the Referee was entered) and that Claimant was most recently employed by Western Temporary Services during the week ending July 22, 1989, when she worked a total of 32 hours at $5.50 per hour, earning gross pay of $176.00 for the week.

2. This Court's scope of review here is limited to a determination of whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

*Appeal Board (Wagner)*, 130 Pa.Commonwealth Ct. 42, 566 A.2d 1264 (1989). In considering whether or not to grant rehearing based on after-discovered evidence, the Board is not bound by the standards employed by courts in determining whether to grant a new trial based on after-discovered evidence, but rather, it is within the Board's broad power to grant rehearing when justice requires. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). After review of the record, this Court concludes that the Board's decision must be reversed.[3]

■  Employer sought to introduce evidence of Claimant's new employments to challenge the referee's finding of Claimant's total disability. Such evidence could not have been available to Employer until the time of Claimant's earliest new employment in December, 1988 and more than eighteen months subsequent to Claimant's testimony. Such evidence was also clearly relevant to the issue of whether Claimant was entitled to benefits for total disability as awarded by the referee. Therefore, the filing of the petition for rehearing before the Board was the proper method for requesting introduction of such relevant after-discovered evidence. This Court must then determine whether the Board clearly abused its discretion in dismissing Employer's petition for rehearing.

In *Royal Factories, Inc. v. Garcia*, 17 Pa.Commonwealth Ct. 59, 330 A.2d 864 (1975), this Court was confronted with a similar factual situation. There, claimant testified before the referee that he was unable even to perform light factory work because of work-related injuries. The petition for rehearing alleged that claimant was bundling and delivering newspapers on a daily basis at a new job three months after his testimony. In holding that the Board abused its discretion in failing to grant rehearing, the Court cited with approval *Mazzaccaro v. Jermyn–Green Coal Co.*, 154 Pa.Superior Ct. 618, 36 A.2d 828 (1944):

---

3. Since this Court holds that the Board should have granted rehearing, it is not necessary to determine whether or not the Board's decision to affirm the referee's award was supported by substantial evidence.

> And when a tribunal has its attention called, prior to its adjudication, to an alteration of facts which, if disregarded, would lead it into error, the interests of justice require it to avoid the error, not stubbornly to commit it, and relegate the injured party to some procedure designed to correct the error after it is made.

*Royal Factories,* 17 Pa.Commonwealth Ct. at 62, 330 A.2d at 866. In the instant case, the affidavit of the private investigator states, and Claimant does not deny, that in one instance of her new employment in July, 1989, Claimant earned a weekly wage of $176 which is double her weekly wages ($86.25) with Employer and more than the referee's total disability award of $120.33 per week. Claimant would therefore receive benefits for total disability during the period of her admitted new employments. Thus, this Court concludes that the interests of justice require that Employer be given an opportunity to present the newly discovered evidence before the referee.

Furthermore, the fact of Claimant's new employments affects her credibility. Claimant contends, however, that granting rehearing in this case would be improper since it will permit the referee to make new credibility determinations based on new evidence which will strengthen prior weak proof presented by Employer before the referee. It is true that rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented or for the purpose of hearing additional testimony that is merely cumulative. *Marshall v. Workmen's Compensation Appeal Board (Temple University),* 71 Pa.Commonwealth Ct. 25, 453 A.2d 1083 (1983). However, this principle is inapplicable here since Employer is not seeking to present evidence which might have been readily available with its due diligence at the time of hearings before the referee.

Finally, Claimant argues that Employer's proper recourse is to file a petition for review, termination, modification or

suspension and that Employer would be entitled only to a credit for compensation earned by Claimant from new employments. It is well settled that strictness of pleading in workmen's compensation cases is not required, and a petition presented under an improper section of the Act will be deemed to have been presented under the proper section. If the evidence justifies relief under any section of the Act other than that invoked by the claimant, that relief may nevertheless be granted. *Plitt v. Workmen's Compensation Appeal Board (Hanover Klondike)*, 98 Pa.Commonwealth Ct. 70, 510 A.2d 404 (1986). Therefore, the Board was empowered to grant the Employer's petition and to remand the matter to the referee for rehearing to permit Employer an opportunity to present relevant after-discovered evidence and Claimant's explanation thereof.

Accordingly, the order of the Board is vacated and the matter is remanded to the Board with the instruction that Employer's petition for rehearing be granted.

## ORDER

AND NOW, this 10th day of August, 1990, the order of the Workmen's Compensation Appeal Board is vacated and the matter is remanded to the Board with the instruction that the petition for rehearing filed by Ogden Aviation be granted.

Jurisdiction relinquished.